United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30941

ARTHUR J PRESTENBACH

Plaintiff-Appellant

V.

GLOBAL INTERNATIONAL MARINE INC

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-5454

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arthur Prestenbach brought suit under the Jones Act and the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. ("LHWCA"), seeking compensation for injuries he sustained while working on a barge-raising project for Global International Marine, Inc. ("GIM"). The district court granted summary judgment to GIM on all claims and we affirm for the reasons below.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS AND PROCEEDINGS

Prestenbach was injured in November 2004 when he lifted a heavy, water-filled hose on a barge on Little Lake, Louisiana. At the time of the injury, Prestenbach was accompanied by three crew members provided by GIM. Two of the employees spoke only Spanish, and the third, Gil Hebert, spoke English and a little Spanish. Prestenbach alleges that GIM's failure to provide him with a fully English-speaking crew was negligence and caused his injury.

GIM is a marine transportation company. Prestenbach was hired as a contractor to raise a sunken barge for GIM. As the district court noted, Prestenbach is an "expert with 25 years experience in the field of plugging and abandoning wellheads." Prestenbach characterized the GIM project as a "one-shot" job. He was paid fifteen dollars an hour for the project, which was expected to take three days. Before starting the project, Prestenbach requested insurance coverage and a W-4 form. He received neither. GIM states that "Prestenbach . . . classified himself as a 'consultant, crane operator, and welder,' and sent [GIM] an invoice for his labor . . . under his company name of Arthur Prestenbach."

Following the injury, Prestenbach brought suit in the Eastern District of Louisiana alleging Jones Act negligence and vessel owner negligence under 33 U.S.C. § 905(b). He also sought LHWCA employee compensation benefits as an injured employee of GIM. The district court granted summary judgment to GIM on all counts, and Prestenbach filed a timely appeal to this court.[1]

## STANDARD OF REVIEW

This court reviews the district court's grant of summary judgment de novo.

---

[1] Prestenbach also filed a claim with the Department of Labor seeking LHWCA employee compensation benefits. The Administrative Law Judge ("ALJ") denied Prestenbach's claim and found that he was not an employee or borrowed employee of GIM at the time of his injury. Prestenbach v. Global International Marine, Inc., B.R.B. Nos. 06-0729 and 06-0729A at 2 (May 31, 2007) [hereinafter Prestenbach I]. The Department of Labor Benefits Review Board affirmed the ALJ's decision in an opinion dated May 31, 2007.

Hodges v. Delta Airlines, Inc., 44 F.3d 334, 335 (5th Cir. 1995) (en banc). Summary judgment is appropriate when there is no genuine issue of material fact to be determined at trial. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–86 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Id. at 587 (internal quotation omitted). When evaluating a motion for summary judgment, the court should read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 244, 255 (1986).

## ANALYSIS

I.   Coverage under the Jones Act and the LHWCA

A.   Jones Act

Prestenbach presents no genuine issue of material fact regarding his status as a Jones Act seaman. Prestenbach admits that he is probably not a Jones Act seaman "unless [the district court] were to conclude that the three or so days spent at Little Lake on board the vessel during daylight hours is a substantial connection to a vessel." We affirm the district court's conclusion that Prestenbach was not a Jones Act seaman at the time of his injury.

B.   LHWCA

Prestenbach also claims that he is entitled to employee compensation benefits under the LHWCA. The LHWCA was enacted to protect maritime workers not covered by the Jones Act. See Chandris, Inc. v. Latsis, 515 U.S. 347, 355–56 (1995). The Fifth Circuit looks to two aspects of the claimant's relationship with the alleged employer to determine whether he is an "employee" under the LHWCA. Oilfield Safety and Mach. Specialties, Inc. v. Harman Unlimited, Inc., 625 F.2d 1248, 1253 (5th Cir. 1980). First, the court asks what the nature of the claimant's work is. Id. The court considers factors such as the "skill required to do the work, the degree to which the work constitutes a

separate calling or enterprise, and the extent to which that work might be expected to carry its own accident burden." Id. Second, the court inquires about the "relation of that work to the alleged employer's regular business." Id. The court considers factors such as

> whether the claimant's work is a regular part of the employer's regular work, whether the claimant's work is continuous or intermittent, and whether the duration of claimant's work is sufficient to amount to the hiring of continuing services as distinguished from the contracting for the completion of a particular job.

Id.

Prestenbach admitted that raising the barge was a "one-shot" job, and that he had the skill necessary to do it. As the district court noted, Prestenbach was an "expert with 25 years of experience in the field of plugging and abandoning wellheads." Prestenbach billed GIM for his work using an invoice and classified himself as a "consultant, crane operator, and welder." These factors go to the first prong of the Oilfield Safety analysis and show that the nature of Prestenbach's work in capping oil wells (which was related to this task of raising a sunken barge) was a separate field which required special skill.

The second prong of the Oilfield Safety test asks whether the job was a regular part of the alleged employer's work. The record reflects that that GIM is in the business of marine transportation and the barge-raising project was not part of its regular work.[2] Prestenbach contracted only for the completion of one job. While it is true that Prestenbach was paid fifteen dollars per hour for the job, he billed GIM for his work via invoice instead of waiting for a paycheck as a part-time employee would generally be expected to do.

---

[2] GIM employees also testified before the ALJ that this was the only sunken barge project they had ever undertaken. See Prestenbach I at 10 n.10.

There is no material issue of fact regarding the second prong of the Oilfield Safety test. We therefore affirm the district court's holding that Prestenbach was an independent contractor and not an employee under the LHWCA.

## II.    GIM's duty of care

Prestenbach alleges that GIM is liable for vessel negligence under 33 U.S.C. § 905(b) because it provided an inadequate crew. He claims that the crew GIM provided was inadequate because two of the crew members spoke only Spanish and the third, Gil Hebert, spoke English and only a little Spanish. The district court found Prestenbach's claim to be meritless, and we agree.

The Fifth Circuit extends 33 U.S.C. § 905(b) protection to independent contractors covered by the LHWCA. See, e.g., Manuel v. Cameron Offshore Boats, Inc., 103 F.3d 31, 33 (5th Cir. 1997). The three duties owed by a ship owner to an independent contractor working on his vessel are:

> (1) the turnover duty, (2) the duty to protect against hazards arising in areas or equipment under the vessel's active control, and (3) the duty to intervene when the vessel owner knows of a serious hazard and the stevedore improvidently decides to ignore that risk.

Id. (citing Scindia Steam Nav. Co. v. De Los Santos, 451 U.S. 156 (1981)).

The district court concluded that GIM had not breached any of the duties it owed to Prestenbach as an independent contractor covered by the LHWCA. The court applied the three-part test in Scindia and said "[Prestenbach] has acknowledged that there were no unseaworthy or negligent conditions on the barge, the tug, the pump, or the sunken barge that contributed to or caused his alleged injury." The court characterized Prestenbach's argument that his injuries were caused by his inability to communicate with the Spanish-speaking crew members as "a boot-strap hope to stay in [c]ourt."[3]

---

[3] Prestenbach argues that if he is not a LHWCA employee, his case is governed by Seas Shipping Co. v. Sieracki, 328 U.S. 85, 95 (1946) or Kermarec v. Compagnie Générale Transatlantique, 358 U.S. 625 (1959). This argument is without merit. Although Prestenbach was not a GIM employee at the time of his injury, he was still a "person" within the meaning

Prestenbach admits that there were no hazardous conditions on the vessel on which he was working. His only argument is that GIM did not provide an adequate crew because two of the crew members spoke only Spanish and the third crew member was an inadequate translator. Scindia negligence, however, requires a finding that the vessel owner failed in its duty to turn over a ship in good condition, to exercise reasonable care over any parts of the boat which remained under his "active control," and to intervene if the independent contractor fails to protect other workers under his control from danger. See Howlett v. Birkdale Shipping Co., 512 U.S. 92, 98 (1994). These duties relate primarily to the physical conditions of the ship. Prestenbach points to no cases to support a finding of Scindia negligence because of an inadequate crew, let alone one whose only alleged inadequacy was the presence of two members who did not speak English. We hold that he cannot recover damages under 33 U.S.C. § 905(b).

## CONCLUSION

We affirm the ruling of the district court granting summary judgment in favor of GIM. We hold that Prestenbach was not a GIM employee at the time of his injury and that GIM is not liable to Prestenbach for vessel negligence under 33 U.S.C. § 905(b).

---

of 33 U.S.C. § 905(b) (permitting "person[s] covered by this Act" to recover for injuries "caused by the negligence of a vessel.").

Sieracki extended the traditional warranty of seaworthiness to those who, while not technically seamen, were engaged in the same work. 328 U.S. 85, 95. The Sieracki line of cases was superceded by the 1972 amendments to the LHWCA, which provided an exclusive statutory remedy for non-seamen covered by the LHWCA. See Aparicio v. Swan Lake, 643 F.2d 1109 (5th Cir. 1981). Aparicio established that Sieracki remedies were still available to longshoremen not covered by the LHWCA (because, for example, their injuries occurred in foreign waters). Id. at 1116. Kermarec held that shipowners owed a duty of reasonable care towards visitors and invitees aboard their vessels. 358 U.S. 625, 630. Neither case applies to Prestenbach, who was an independent contractor covered by the LHWCA.